## JACKSON *v.* NAGLE *et al.*

(*Circuit Court, N. D. California.* September 14, 1891.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CONTRACTOR AND SUBCONTRACTOR.
    Where one who has contracted to erect a building lets a portion of the work to a subcontractor, and in the prosecution of their respective parts each infringes patent-rights of another, both are liable as joint infringers.

2. SAME—VALIDITY—CONSTRUCTION AND ILLUMINATION OF BUILDINGS.
    Letters patent No. 263,412, granted August 29, 1882, to Peter H. Jackson, for "improvements in the method of illuminating basements;" No. 269,863, granted January 2, 1883, to the same, for "iron and illuminating stairs;" and No. 302,338, granted July 22, 1884, to the same, for "improvements in the construction of buildings,"—are valid.

In Equity. Bill to restrain infringement of patent.

*John L. Boone,* for complainant.

*Geo. M. Spencer,* for respondents.

HAWLEY, J., (*orally.*) This is a suit in equity for the infringement of claims 1, 4, and 5 of letters patent No. 263,412, issued to the complainant on the 29th of August, 1882, for "improvements in the method of illuminating basements;" and claims 1 and 2 of letters patent No. 269,863, issued to complainant January 2, 1883, for "iron and illuminating stairs," and claims 2 and 3 of letters patent No. 302,338, issued to complainant on the 22d of July, 1884, for "improvement in the construction of buildings." These several claims are alleged to have been infringed by respondents in the construction of a building on the south-east corner of Merchant and Montgomery streets, in San Francisco. Respondent Nagle was the contractor for the excavation, brick-work, and iron-work, including the sidewalks in the construction of said building. Nagle awarded the contract to respondents Riley & Loane for the tile light work, for furnishing and putting in the "mark tile light" and "bearers" in the Montgomery-Street side, and beam-riser, with tile light on top, forming the tread or step on the Merchant-Street side. Complainant introduced a model (Exhibit D) in evidence showing the construction used by respondents in said building, and several witnesses testified that this model was a correct representation of the construction of the sidewalk lights, and illuminating, etc. The several claims in the respective patents claimed to have been infringed were minutely explained in connection with the model, and the testimony thus given tended to show that all the elements of the respective claims were found in the model. The main difference referred to was that the riser of the step in the model is not perforated, while the risers in the building are perforated. This, however, is immaterial. Respondent Riley was notified that he was infringing upon complainant's patents, and was informed how he could do the work so as to avoid any violation of the patents. Notwithstanding this instruction and notice, he proceeded to prosecute the work in his own way, without any change in this respect.

A contractor who makes an agreement to perform certain work necessarily assumes the risk of infringing upon the exclusive patent-rights of others, and if he does so infringe he cannot avoid responsibility because he was doing the work for other persons. If a contractor violates the patent-rights of another, he is, of course, answerable for the infringement. A subcontractor stands upon the same footing. In this case a portion of the work was done by Nagle, the contractor, and other portions by the subcontractors. In the light of the testimony upon this point, I am of opinion that the respondents must be treated and held as joint infringers.

The respondents attack the validity of the patents upon the ground that the devices therein mentioned were in public use for more than two years prior to the issuance of said patents. The depositions of Marks and Furman clearly show that a tile-bearer similar to that specified in complainant's patents was in public use for many years prior to the issuance of said patents. But there is no claim on the part of the complainant that the tile-bearer of itself constituted any invention. It is admitted that it did not. It is only in the combination in which the tile-bearer is used with other elements that is claimed as new. The complainant testified, in effect, that the tile-bearer of itself is not new. It is "only in the combination, not the bearer alone independently, but the combination, and the manner in which I have applied it. * * * I took a bearer,—it was public property,—and made a combination which was patentable, and obtained a patent for it." It is the combination of a tile light with a supporting bearer and rib extending over upon the supporting surface that is claimed as complainant's invention. The difference between complainant's patent and the Dale patent, referred to by Marks and Furman, is claimed by complainant to be—with reference to the bearer—that complainant's bearer is longer, extends beyond where the rib ceases, with arranged depressions in the walls and the iron supports. The testimony is quite lengthy, and in some respects conflicting. The testimony of Marks and Furman is principally confined to the existence and use of the tile-bearer, without any special reference to the combination in which it is used by the complainant. Without attempting to further review the testimony, I deem it sufficient, generally, to state that my opinion is that the great preponderance of the evidence is with complainant; that his patents are valid; and that the respective claims thereof, upon which he relies, have been infringed by the respondents. Let a decree be entered in the usual form, in favor of complainant.